## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

ROBERT TURNER,

       Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY, Carolyn W. Colvin,

       Defendant.

**No. 13-CV-3008-DEO**

**ORDER**

_____

This matter is before the Court pursuant to "Plaintiff's Application For Attorney's Fees And Costs Under 28 U.S.C. § 2412 (EAJA)" (Docket No. 21), requesting attorney fees and costs in the amount of $5,030.03.

The Defendant has filed, "Defendant's Response To Plaintiff's Application For Attorney Fees Pursuant To The Equal Access To Justice Act" (Docket No. 22), stating that the defendant has no objection to plaintiff's request for attorney fees under EAJA in the amount of $5,030.03. Defendant further states:

> Plaintiff signed a fee agreement assigning any fee under the EAJA to plaintiff's attorney. Following an order by this Court awarding an EAJA fee payable to plaintiff, defendant will verify whether plaintiff owes a debt to the United States that is subject to offset. If there is no debt owed by plaintiff, the fee will be made

>           payable to plaintiff's attorney based on
>           the assignment.

Docket No. 22.

28 U.S.C. § 2412(d) of the EAJA provides for the award of fees and expenses if: (1) the party requesting the fees prevailed; (2) the position of the United States was not "substantially justified;" (3) the fees were incurred by the moving party in a "civil action . . . including proceedings for judicial review of agency action;" (4) the action was brought by or against the United States; (5) the court entering the ruling had "jurisdiction of that action;" (6) the party seeking fees submitted an application 30 days after final judgment, specifying the "amount sought, including an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed;" (7) the amount sought is reasonable under the circumstances; and (8) there are no "special circumstances" making "an award unjust." (citation omitted).

In this case, Plaintiff has satisfied each necessary element. Plaintiff prevailed in a civil action against the Commissioner of Social Security (Docket No. 19). This Court properly exercised jurisdiction pursuant to 42 U.S.C. §§

405(g) and 1383(c)(3). The Commissioner was not substantially justified in that the overwhelming weight of the evidence supported the conclusion that a remand to the Commissioner for further consideration was appropriate. Plaintiff's request for attorney's fees included an itemized statement of the actual time expended (Docket No. 21). Neither the Commissioner nor this Court consider the amount sought to be unreasonable under the circumstances.[1] And, finally, this Court is unaware of any special circumstances which would render the award unjust.

**Therefore, as agreed to by the parties, attorneys fees under EAJA is granted in the agreed upon amount of $5,030.03, payable to the plaintiff from the Social Security Administration, and mailed to plaintiff's attorney's address after any offset.[2]**

---

[1] 28 U.S.C. § 2412(d)(2)(A) provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." (citation omitted). In this case, the Court has reviewed the Itemization of Fees provided by Attorney Jensen regarding the charged rate in this case (Docket No. 21).

[2] The parties agreed to a fee amount which is subject to
(continued...)

**IT IS SO ORDERED** this 29th day of August, 2014.

_Donald E. O'Brien_

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

[2](...continued)
offset as out in <u>Astrue v. Ratliff</u>, 560 U.S. 586 (2010).    If
no offset is required, the check for fees will be made payable
to the plaintiff's counsel, pursuant to the fee assignment.
Docket No. 22.